| | |
|---|---|
| Eric N. Pitter, Esq. (EP9810)<br>KOSSOFF, PLLC<br>Attorneys for Creditor-Landlord<br>220 Fifth Realty, LLC<br>217 Broadway, Suite 401<br>New York, New York 10007<br>Email: epitter@kaulaw.com | Hearing Date and time:<br>July 9, 2019 at 10:00 a.m. |

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>**SCORPION FITNESS INC.**<br><br>    Debtor. | **Chapter 11**<br><br>**Case No.: 1:19-11231-MEW** |
| In re:<br><br>**SCORPION CLUB VENTURES, LLC**<br><br>    Debtor. | **Chapter 11**<br><br>**Case No.: 1:19-11232-MEW** |

**LANDLORD'S CROSS-MOTION FOR STAY RELIEF AND/OR PAYMENT OF POST-
PETITION RENT, DISCHARGE OR BOND OF MECHANIC'S LIENS AND
CORRECTING VIOLATIONS AND OPPOSITION TO DEBTORS'
MOTION TO PAY RENT INTO ESCROW**

**TO THE HONORABLE MICHAEL E. WILES
UNITED STATES BANKRUPTCY JUDGE:**

    220 Fifth Realty LLC (the "Landlord"), by and through its undersigned counsel, submits this application (the "Cross-Motion") in support of the entry of an Order: (a) pursuant to §§362(d)(1) and (2) of title 11 of the United States Code (the "Bankruptcy Code"), vacating the automatic stay so as to permit the Landlord to pursue and/or enforce its rights and remedies with

regard to a certain non-residential real property leased by Debtors located at 220 Fifth Avenue, New York, New York 10001, and/or alternatively (b) pursuant to §365(d)(3) of the Bankruptcy Code to direct the Debtors to pay all post-Petition rent and directing Debtors to bond or discharge the mechanic's liens and cure violations it caused to be filed against the Building; and respectfully represents and alleges as follows:

## BACKGROUND

1. Landlord is the net-landlord of the building at 220 Fifth Avenue, New York, New York 10001 ("Building"), effective March 22, 2017 when it subleased the Building from Croisic Building, LLC, who subleased from Dino & Sons Realty Corp, the owner (and prior manager), of the Building. A copy of the Assignment to Landlord is annexed hereto as **Exhibit A**.

2. Debtors, Scorpion Fitness Inc., and Scorpion Club Ventures LLC (collectively "Debtors"), are the tenants of record currently in possession of all rooms/areas of a portion of the ground floor, mezzanine, and lower level ("Premises"), pursuant to a written Lease, dated December 19, 2014, by and between Petitioner's predecessor in interest, Dino & Sons Realty Corp., as landlord, and Tenants as tenants, which was modified by a First Lease Modification Agreement dated June 30, 2017 (collectively, "Lease"). True copies of the Lease and First Lease Modification are annexed hereto respectively as **Exhibits B and C**.

3. Based on Debtors' numerous material defaults under the Lease including but not limited to failing to pay rent, failing to open for business, and causing various Department of Buildings violations and mechanic's liens to be filed against the Building, Landlord served a series of notices pursuant to the Lease as follows:

(a) "Notice of Intent" to draw down the security deposit to fulfill Debtors' unmet payment obligations in the sum of $81,644.41, dated December 20, 2017 (**Exhibit D**);

(b) "Amended Notice of Intent" to draw down the security deposit to fulfill Debtors' unmet payment obligations in the sum of $70,053.00, dated March 8, 2018 (**Exhibit E**);

(c) "Notice of Demand to Replenish and Pay" Debtors' drawn-down security deposit, dated May 10, 2018 (**Exhibit F**);

(d) "Notice of Default" dated May 29, 2018 (**Exhibit G**);

(e) "Supplemental Notice of Default" dated October 26, 2018 (**Exhibit H**);

(f) "Notice to Discharge Mechanic's Lien" dated March 20, 2019 (**Exhibit I**);

(g) "Notice of Intent" dated March 22, 2019, to draw down on remainder of security deposit (**Exhibit J**).

4. In order to prevent Landlord from terminating the Lease, Debtors commenced an action entitled *Scorpion Fitness Inc. and Scorpion Club Ventures LLC v. 220 Fifth Realty LLC*, Supreme Court, New York County, Index No.: 653035/2018, seeking what is commonly referred to as a "*Yellowstone* Injunction" along with a concomitant temporary restraining order enjoining Landlord from terminating their lease (the "First State Court Action").

5. After Debtors' counsel in the First State Court Action moved to be relieved for non-payment of fees, in response to the Supplemental Notice of Default (Exhibit I), Debtors commenced another State Court action entitled *Scorpion Fitness Inc. and Scorpion Club Ventures LLC v. 220 Fifth Realty LLC*, Supreme Court, New York County, Index No.: 160631/2018 seeking identical relief, a TRO and a *Yellowstone* Injunction (the "Second State Court Action")(The First State Court Action and the Second State Court Action shall hereinafter collectively be referred to as the "State Court Actions.")

6. In the First State Court Action and Second State Court Action Debtors made substantially similar arguments to the State Court seeking to relieve them of their obligation to pay rent. Debtors' counsel in the Second State Court Action also moved to be relieved for non-payment of fees. Thereafter the First State Court Action and Second State Court Action were consolidated for disposition by the State Court.

7. By Decision and Order dated and entered February 4, 2019, the State Court granted Debtors a temporary restraining order by only on the fulfillment of certain conditions, to wit, that it clear or bond all mechanic's liens it caused to be filed against the Building, take corrective action on certain violations it caused to be filed against the Building, and pay back-rent, ongoing rent and additional rent *pendente lite*. See **Exhibit K**.

8. Debtors failed to do any of these, and thus, after a motion by Landlord, the State Court by Decision and Order dated and entered April 22, 2019, vacated the temporary restraining order and vacated all stays thereby permitting the termination of Debtors' Lease. See **Exhibit L**.

9. Landlord then served Debtors with a "Five (5) Day Termination/Cancellation Notice" dated April 23, 2019, a true copy of which along with proof of service thereof is annexed hereto as **Exhibit M**.

10. Debtors currently owes Landlord the sum of **$309,236.13**. See **Exhibit N.**

11. Of this sum representing rent, additional rent and security deposit, $45,082.90 is post-petition. See **Exhibit N**, last page.

12. Debtors is in possession of the Premises and has no valid basis to withhold payment, as shown preliminarily by the Supreme Court's vacatur of Debtors' temporary restraining order.

13. In addition to the exorbitant sum of unpaid rent and additional rent, Debtors has, inter alia, as set forth in the aforementioned notices of default, caused mechanic's liens to be filed

against the Building, caused violations to be filed against the building by the FDNY and Department of Buildings, hired unlicensed and uninsured contractors to work in the Premises without Landlord's consent (such consent being required by the Lease), and has failed to open for business as required by the Lease. See **Exhibits D through J**.

14. The mechanic's liens Debtors has caused to be filed against the Building total $953,305.88. See **Exhibit I**.[1]

15. The existence of these mechanic's liens place Landlord in serious jeopardy of violating its lease with the Owner of the Building. See **Exhibit O, ¶12(d)**.

## IN SUPPORT OF LANDLORD'S CROSS-MOTION

### JURISDICTION AND VENUE

16. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are §§362(d) and 365(d)(3) of the Bankruptcy Code.

### RELIEF REQUESTED

17. Sections 362(d)(1) and (2) of the Bankruptcy Code provide, in pertinent part that:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay ⍰

(1) *for cause*, including the lack of adequate protection of an interest in property of such party in interest;

(2) with respect to a stay of an act against property under subsection (a) of this section, if -

---

[1] A mechanic's lien in the sum of $375,205.55 (filed July 2018), has been discharged by Court Order, but has not been removed of record because Debtor has failed to file a certified copy of the Order with the New York County Lien clerk. Thus, the mechanic's liens which Debtor must bond/discharge under the Lease amounts to **$577,830.33**.

5

      (A)    the Debtors does not have an equity interest in such property; and

      (B)    such property is not necessary to an effective reorganization.

18. The Bankruptcy Code does not define the term "cause" however, the legislative history provides some guidance in that the "facts of each request will determine whether relief is appropriate under the circumstances." *In re Sonnax Industries, Inc.*, 907 F.2d 1280, 1286 (2d Cir. 1990) (quoting H.R. Rep. No. 595, 95th Cong. 2d Sess. 343-44, *reprinted in* 1978 U.S. Code Cong. & Admin. News 6300). The burden of proof on a motion seeking modification of the automatic stay is a shifting one: the movant has the initial burden of showing that "cause" exists and once established, the burden shifts to the party opposing stay relief to disprove its existence. *In re Mazzeo*, 167 F.3d 139, 142 (2d Cir. 1999).

19. Here, it is submitted that ample basis exists for a modification of the automatic stay respecting Landlord's rights and remedies regarding the Premises. Landlord's interests are not adequately protected. It has consistently been held that "'the failure to pay post-petition rent may also serve as grounds for lifting the automatic stay'" since the Landlord will not be adequately protected if the Debtors falls behind in post-petition rent. *In re Sweet N Sour 7th Ave Corp.*, 431 B.R. 63, 69 (Bankr. S.D.N.Y. 2010) (quoting *In re Mad Lo Lo LLC*, 2009 WL 2902567, at *4 (Bankr. S.D.N.Y. 2009).

20. It is also respectfully submitted that Landlord is not adequately protected while there are mechanic's liens filed against the Building, which Debtors are contractually obligated to discharge. See **Exhibit B**, ¶3.

21. Landlord is not the owner of the Building, but the net-lessor. See **Exhibit O.**

22. The existence of mechanic's liens against the Building by Debtor, Landlord's tenant,

constitutes a default under Landlord's overlease, and thus, places Landlord at risk of termination of its own valuable leasehold. Thus, Landlord is not adequately protected, and cause exists to vacate the stay, or alternatively, order Debtors to bond/discharge the mechanic's liens. See **Exhibit O, ¶12(d)**.

23.   As discussed above, the Landlord has not received any payment with regard to the amounts owed under the Lease during the post-Petition months of May and June 2019. Thus, by this Motion the Landlord further seeks the entry of an Order, pursuant to §365(d)(3) of the Bankruptcy Code directing the Debtors to pay its post-Petition rent under the Lease. Section 365(d)(3) of the Bankruptcy Code provides, in part, as follows:

> The trustee shall timely perform all the obligations of the debtor, except those specified in section 365(d)(2), arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) of this title.

24.   Debtors have egregiously and repeatedly defaulted under the Lease and Landlord should be entitled to pursue its remedies of, at a minimum, eviction to stop the bleeding.

25.   Furthermore, permitting the Debtors and the Landlord to continue an eviction proceeding before the Civil Court would be appropriate. The Second Circuit has articulated the following twelve (12) factors which the bankruptcy court must weigh upon a request for relief from the automatic stay in order to continue litigation in another forum:

    a.  whether relief would result in a partial or complete resolution of the issues;

    b.  lack of any connection with or interference with the bankruptcy case;

    c.  whether the other proceeding involves the Debtors as a fiduciary;

    d.  whether a specialized tribunal with the necessary expertise has been established to hear the cause of action;

    e.  whether the Debtors' insurer has assumed full responsibility for defending it;

    f.   whether the action primarily involves third parties;

    g.   whether litigation in another forum would prejudice the interests of other creditors;

    h.   whether the judgment claim arising from the other action is subject to equitable subordination;

    i.   whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor;

    j.   the interests of judicial economy and the expeditious and economical resolution of litigation;

    k.   whether the parties are ready for trial in the other proceeding; and

    l.   impact of the stay on the parties and the balance of harms.

*Sonnax*, 907 F.2d at 1286.

26.    Only those factors that are relevant to a particular case need be considered and the court need not assign them equal weight. *In re Keene Corp.*, 171 B.R. 180, 183 (Bankr. S.D.N.Y. 1994). When applying these factors the court "should take into account the particular circumstances of the case, and ascertain what is just to the claimants, the Debtors and the estate." *Id*. As such, "cause" may be established by the demonstration of a single factor. *In re Drexel Burnham Lambert Group, Inc.*, 113 B.R. 830, 838 *8 (Bankr. S.D.N.Y. 1990).

27.    Significantly, any reorganization would **not** cure Debtors' many defaults and none of the foregoing factors can be construed in a manner which would justify preventing Landlord from enforcing its rights and remedies under the parties' Lease. If Debtors has defenses to an eviction proceeding, they can be flushed out before the Civil Court.

28.    If the stay is not vacated, Landlord alternatively requests that the Court enter an order an order pursuant to 11 U.S.C. §365(d)(3), ordering Debtors or the trustee to forthwith pay post-petition rent and additional rent, *pendente lite* as it accrues, and entry of an order directing

Debtors to bond or discharge the aforementioned mechanic's liens and correcting the violations they caused, so that Landlord is adequately protected.

29. Landlord is being severely prejudiced by its inability to recover possession of the Premises for which Landlord is owed over $300,000.00, and by the significant costs and legal fees incurred based on Debtors' defaults. Landlord's lease with the Building owner is also at risk so long as mechanic's liens and FDNY and DOB violations caused by Debtors remain attached to the Building.

30. Since this motion raises no novel or uncommon legal questions or issues, it is respectfully requested that local rule 9013-1 requiring a memorandum of law be waived.

## IN OPPOSITION TO DEBTORS' MOTION TO PAY RENT INTO ESCROW.

31. Debtors' motion to pay rent into escrow should be denied.

32. Not only does Landlord have its own financial obligations to the Owner of the Building, which rely on Debtors' payment of rent, but all of the bases set forth by Debtors for escrowing rent are garden-variety landlord-tenant disputes which should be borne out in the Civil Court if the automatic stay is vacated.

33. Nevertheless, for over a year prior to this case, Debtors have asserted their claims of water infiltration and asbestos, etc., in the State Court Actions, seeking temporary restraining orders and so-called "*Yellowstone* injunctions" to stay termination of their lease.

34. After briefing and re-briefing, arguing and re-arguing these very claims to the State Court, Debtors are hoping to find a more favorable outcome in a new forum before a new audience.

9

35. The State Court considered Debtors' arguments and found them unavailing, ordering Debtors on February 4, 2019 to pay rent, discharge or bond the mechanic's liens, and cure certain violations they had caused to be imposed on the Building. See **Exhibit K**.

36. After Debtors entirely failed to comply with the State Court's order, the State Court ultimately vacated Debtors' temporary restraining order, (**Exhibit L**), and Debtors immediately filed this Chapter 11 case.

37. Debtors should be precluded from asserting these landlord-tenant defenses in this case based on the doctrine of *res judicata*. "In applying the doctrine of res judicata, [a court] must keep in mind that a state court judgment has the same preclusive effect in federal court as the judgment would have had in state court." *Burka v. New York City Transit Auth.*, 32 F.3d 654, 657 (2d Cir.1994) (citation omitted). "If the proceedings of a state trial court comported with due process, every federal court must afford the final judgment entered therein the same preclusive effect it would be given in the courts of that state." *In re Chaitan*, 517 B.R. 419, 427 (Bankr. E.D.N.Y. 2014), citing *Conopco, Inc. v. Roll Intern.,* 231 F.3d 82, 87 (2d Cir.2000).

38. Nevertheless, even if this Court were inclined to entertain Debtors' arguments as to why it should escrow rent as opposed to paying it directly, Debtors' claims are without merit for the reasons stated in the accompanying declaration.

39. As stated above, Landlord is the triple-net lessee of the Premises and has its own obligations to the Owner including payment of taxes, insurance, maintenance, etc. See **Exhibit O**. The payment of post-petition rent as an administrative priority is codified in 11 U.S.C. §365(d)(3), and Debtors' claims are, as set forth herein, not only without merit, but also barred by the holdings of the State Court which considered every argument Debtors are attempting to make now.

## **CONCLUSION**

40. Based upon the foregoing, the Landlord respectfully submits that the automatic stay should be vacated so as to permit Landlord to pursue and/or enforce its rights and remedies with regard to the Premises, including the continuation of the Eviction Proceeding through the Debtors' eviction from the Premises or that this Court direct Debtors to pay post-petition rent directly to Landlord, and clear all mechanic's liens and violations.

**WHEREFORE**, Landlord respectfully requests that the Court grant the Cross-Motion in its entirety, deny Debtors' motion in its entirety, and grant Landlord such other and further relief as this Court deems just and proper.

Dated: New York, New York
June 24, 2019

KOSSOFF, PLLC
Attorney for 220 Fifth Realty LLC
217 Broadway, Suite 401
New York, New York 10007
Tel.: (212) 267-6364
Email: epitter@kaulaw.com

By: _____
Eric N. Pitter, Esq. (EP9810)