## FIRST LEASE MODIFICATION AGREEMENT

**THIS FIRST LEASE MODIFICATION AGREEMENT** (the "Modification") is entered into as of the 30th day of June, 2017, between **220 5TH REALTY LLC**, having an office c/o Stellar Management, 156 William Street, 10th Floor, New York, New York 10038 ("Landlord"), and **SCORPION FITNESS INC.** and **SCORPION CLUB VENTURES LLC**, each having an office at 220 Fifth Avenue, New York, New York 10022 (jointly and severally and collectively, "Tenant").

## W I T N E S S E T H:

**WHEREAS**, Landlord's predecessor-in-interest, Dino & Sons Realty Corp. ("Original Landlord") and Tenant, have heretofore entered into that certain Standard form of Store Lease and Rider and Exhibits annexed thereto dated as of December 19, 2014 (the "Existing Lease"), pursuant to which Original Landlord leased to Tenant, and Tenant did lease from Original Landlord, a part of the ground floor, mezzanine and lower level (as more particularly described and identified in the Existing Lease, the "demised premises") in the building known as 220 Fifth Avenue, New York, New York (the "Building"), upon and subject to all of the terms, covenants and conditions as are more particularly described in the Existing Lease; and

**WHEREAS**, Tenant is in default of the Lease, inter alia, by reason of the failure to pay the Base Rent and certain additional rent for March, April, May and June, 2017, suffering the issuance of, and failing to discharge, a mechanic's lien filed against the Building, and suffering the issuance of, and failing to discharge, a partial stop work order against the Building. Other than the foregoing and except as otherwise set forth herein, to the present actual knowledge of the Landlord as of the date hereof, without duty of inquiry or investigation, Tenant is not in default beyond the expiration of applicable notice and cure periods under the Lease (provided the same shall not constitute a waiver or release of any obligation of Tenant under the Lease or an excusal of any default); and

**WHEREAS**, Tenant has requested certain accommodations from Landlord and has requested that the Landlord defer, as determined by Landlord, the exercise, without the waiver thereof and with full reservation thereof, of certain remedies to which it is entitled under the Existing Lease; and

**WHEREAS**, the Landlord is willing to accommodate the Tenant's requests, subject to and in accordance with the terms and conditions hereinafter set forth.

**NOW, THEREFORE**, in consideration of the premises and the mutual covenants herein contained, the parties hereto agree as follows:

1.    <u>Defined Terms</u>.    All capitalized terms and provisions not otherwise defined and/or modified in this Modification shall have the same meaning ascribed to

1

them in the Existing Lease. The Existing Lease, as modified by this Modification, shall hereinafter collectively be called, the "Lease". The above recitals are hereby incorporated herein as an integral part of this Modification. Landlord and Tenant agree that the Commencement Date of the Lease was March 15, 2016.

2.    Removal of Mechanic's Lien. Tenant shall, at its sole cost and expense: (x) concurrently with the execution and delivery hereof, pay Landlord the sum of $5,997.00 as and for repayment of the Original Landlord's costs (including without limitation, reasonable attorneys' fees incurred in connection therewith) incurred for bonding the mechanic's lien filed against the Building PCCM Management Corp.in the amount of $190,760.87 (the "Mechanic's Lien") as a result of work alleged to be done at or about the demised premises at Tenant's request, and (y) within one hundred and twenty (120) days of the date hereof, cause the Mechanic's Lien to be finally, fully and unconditionally discharged to the satisfaction of the Landlord. In connection with the foregoing, Tenant shall be permitted to use the first ninety (90) days to take such legal actions as are reasonably necessary or take such other action as necessary to cause the discharge or otherwise termination of the Mechanic's Lien. In the alternative, Tenant shall be permitted to seek the amendment of the existing bond obtained by Original Landlord so as to allow the Original Landlord's collateral for said bond to be returned to Original Landlord and fully and unconditionally released and discharged. Landlord will request that Original Landlord reasonably cooperate with Tenant, at Tenant's sole cost and expense, in connection with the substitution of the collateral for the bond obtained by Original Landlord and the return and release of Original Landlord's collateral therefore. In the event that Tenant is unable to substitute Original Landlord's collateral as required pursuant to this Paragraph 2 solely by reason of the Original Landlord's failure to cooperate as herein provided, then, the Tenant's time for performance pursuant to this Paragraph 2 shall be extended for so long as Tenant is actually delayed solely by reason of Original Landlord's failure to cooperate.    Thereafter and to the extent the aforementioned actions do not result in the final, full and unconditional discharge or termination of the Mechanic's Lien, Tenant shall have an additional thirty (30) days to amend the bond and otherwise swap Tenant's collateral for the full and unconditional release, discharge and return of the collateral posted in connection with the bond previously obtained by Original Landlord in connection with the Mechanic's Lien, as well as the unconditional release and return of any funds, sums, guarantees, collateral and/or any other undertakings or obligations and liabilities of the Original Landlord in connection with the Mechanic's Lien. Tenant shall provide Landlord with reasonably acceptable written evidence that all of the foregoing have been performed, satisfied and complied with. Failure to perform the foregoing clause (y) within one hundred twenty (120)) days of the date of this Modification, time being of the essence, shall constitute an event of default under the Lease, entitling the Landlord, at its option, to serve five (5) days written notice of termination of the Lease upon Tenant and upon the expiration of said five (5) days if the default is not then cured within such five (5) day period, the Lease shall end and expire, fully and completely, as if such five (5) day period were the date definitely fixed for the end and expiration of the Lease and the term thereof, but

2

Tenant shall nonetheless remain fully liable as provided in the Lease. The foregoing, is in addition to, and without limitation to Landlord's other claims, recourse, rights and remedies under the Lease or otherwise.

      3.      Intentionally Omitted.

      4.      Open For Business. Tenant shall, on or prior to December 31, 2017, fully complete all of Tenant's Work and all other alterations necessary or desirable for the conduct of Tenant's business within the demised premises (with all work performed in accordance with the Lease, in full compliance with law, and violation and lien free), in all events in full compliance with the terms and provisions of the Lease and fully open for business to the public within the demised premises as a fully operable physical fitness center with reasonable, regular daily hours of operation.

      5.      Conditional Rent Deferment.

      (a)      Tenant acknowledges and agrees that Tenant is in default in the payment of additional rent for the months of March, April, May and June 2017 in the aggregate amount of $1,596.01, as more particularly identified on Exhibit "A" annexed hereto and made a part hereof and agrees to pay the same concurrently with the execution and delivery hereof.

      (b)      Tenant further acknowledges and agrees that Tenant is in default in the payment of Base Rent for the months of March, April, May and June 2017 in the aggregate amount of $70,825.70. Tenant agrees to pay Landlord $11,944.69 on account of the Base Rent for March, 2017 concurrently with the execution and delivery hereof. Landlord and Tenant have agreed to defer the payment of the balance of the March, 2017 Base Rent in the sum of $5,711.75 and the Base Rent for the months of April, May, June, July, August and September, 2017, subject to and in accordance with the further terms and conditions of this Paragraph 5 (b). Tenant hereby unconditionally and irrevocably waives and releases its right to the rent abatement set forth in Paragraph 41 D of the Existing Lease. Tenant acknowledges and agrees that the aggregate Base Rent due for the period from March, 2017 through September, 2017 (after deduction of $11,944.69 being paid by Tenant concurrently with the execution and delivery hereof) is $111,950.41. Tenant further agrees that in lieu of payment of the foregoing at the time and in the manner specified in the Lease, Tenant shall pay the aggregate sum of $105,299.66, without prior demand or notice therefore, at the same time and in the same manner as the payment of Base Rent on the dates and in the amounts set forth on Exhibit "B" annexed hereto and hereby made a part hereof, in addition to and not in lieu of the Base Rent, additional rent and other sums and amounts  otherwise payable for such periods of time under the Lease. In the event of the default of Tenant under the Lease beyond the expiration of applicable notice and cure periods, if any, expressly reserved in the Lease, then in such event, the aforesaid sum of $105,299.66, less any sums theretofore actually paid on account thereof by Tenant shall be immediately due and

3

payable as additional rent, without notice or demand. The foregoing, is in addition to, and without limitation to Landlord's other claims, recourse, rights and remedies under the Lease or otherwise.

        (c)    Except as otherwise expressly provided above in this Paragraph (5), this Tenant shall continue to be obligated to timely and fully pay all Base Rent, additional rent and other sums due or payable in accordance with and subject to the terms and conditions of the Lease.

      6.    <u>Landlord's Work</u>. Tenant acknowledges and agrees that the Landlord's Work has been fully and satisfactorily completed (and is hereby unconditionally approved by Tenant), excluding only those items listed on <u>Exhibit "C"</u> annexed hereto and hereby made a part hereof. Tenant acknowledges and agrees that Landlord shall be under no obligation to perform the balance of the Landlord's Work as listed on <u>Exhibit "C"</u> if Tenant has defaulted under the terms and provisions of Paragraph 2 of this Modification (or is not otherwise diligently and continuously pursuing its performance thereunder) or is otherwise in default under the Lease beyond applicable notice and cure periods, if any, expressly reserved in the Lease, failing which, at any time, Landlord shall no longer be obligated to perform the Landlord's Work. In the event of termination of the Lease, by reason of the Tenant's default beyond the expiration of applicable notice and cure periods, if any, expressly reserved to Tenant under the Lease, then without limitation to the Landlord's other rights and remedies, the Landlord shall be entitled to recover from Tenant, upon demand, the aggregate cost of the Landlord's Work. The foregoing, is in addition to, and without limitation to Landlord's other claims, recourse, rights and remedies under the Lease or otherwise.

      7.    <u>Work Allowance</u>. Tenant acknowledges having received the sum of $173,044.03 on account of the Work Allowance to date. Tenant acknowledges and agrees that subject to the further terms of the Lease, Landlord shall be under no obligation to provide the Work Allowance to Tenant if Tenant has defaulted under the terms and provisions of Paragraph 2 of this Modification (or is not otherwise diligently and continuously pursuing its performance thereunder) or is otherwise in default under the Lease beyond applicable notice and cure periods, if any, expressly reserved in the Lease, failing which, at any time, Landlord shall no longer be obligated to provide the Work Allowance, until such time as said default(s) is cured, but Tenant shall nonetheless be required to perform and complete the Tenant's Work (with all work fully signed off on, in full compliance with law, and violation and lien free) at the Tenant's sole cost and expense in accordance with and subject to the terms and provisions of the Lease (failure to do so constituting a default on the part of the Tenant under the Lease). In the event of termination of the Lease, by reason of the Tenant's default beyond the expiration of applicable notice and cure periods, if any, expressly reserved to Tenant under the Lease, then without limitation to the Landlord's other rights and remedies, the Landlord shall be entitled to recover from Tenant, upon demand, the aggregate amount of the Work Allowance theretofore provided. The foregoing, is in addition to, and without limitation

4

to Landlord's other claims, recourse, rights and remedies under the Lease or otherwise. Notwithstanding the foregoing to the contrary, Landlord agrees to make a payment in the amount of $129,185.10 on account of the Work Allowance concurrently with the execution and delivery of this Modification in accordance with the documentation submitted by Tenant which is annexed hereto as Exhibit "D", which Tenant represents, warrants and covenants is true, correct, complete and accurate.

8.    Complimentary and Discounted Gym Memberships.    Tenant agrees to provide Landlord with one hundred (100) one (1) year memberships which Landlord may allocate in whatever manner it sees fit (including without limitation, the successive use of multiple such memberships by the same person) and upon expiration of such memberships, the holder thereof shall be permitted to renew the same at a thirty (30%) percent discount to the lowest prevailing rate offered by Tenant for memberships of the particular classification selected by said member, which right shall continue for so long as such person shall continuously be a member. To the extent that there are multiple tiers or types of membership offered by Tenant, such one hundred (100) memberships shall be of the highest tier or nature, offering the most comprehensive set of services and amenities to the member (excluding only the use of free laundry lockers). Without limitation to the foregoing, all tenants of the Building (for so long as the same are tenants of the Building) and all persons associated therewith shall be afforded discounted gym memberships at a discount of no less than 25% below the lowest rate afforded to the general public for membership (whether promotional or otherwise).

9.    Broker:    Each party represents and warrants to the other that there are no real estate brokers entitled to a commission as a result of producing this Modification and that it neither employed or engaged a real estate broker or agent to effectuate this Modification or the Lease. Each party shall defend, indemnify and hold the other harmless from any claims arising out of the breach of its representations and warranties contained in this Paragraph 9. This Paragraph 9 shall survive the expiration or sooner termination of this Lease.

10.    Reaffirmation and Modification of Guaranty of Lease:    The guarantor of the Lease, John Shams (the "Guarantor"), hereby covenants, represents and warrants, that all covenants, agreements, terms and conditions of the Lease are in full force and effect and are hereby, in all respects, ratified and confirmed. The Guarantor consents to the modification of the Lease as provided herein. The Guarantor confirms that the Limited Personal Guaranty dated as of December 22, 2014 (the "Guaranty"), is in full force and effect without offset, claim, counterclaim or defense. Guarantor further agrees that the Guaranty is hereby modified, such that the Guarantors obligations shall include, without limitation, the payment and performance (as a guarantor of payment and performance and not of collection) of the Tenant's obligations pursuant to Paragraphs 2, 4, 5, 6, 7, 8 and 9 of this Modification, which obligations shall survive the Surrender Date (as such term is defined in the Guaranty).

5

11.    Miscellaneous:

(a)    The Lease, as modified by this Modification, and all covenants, agreements, terms and conditions thereof shall remain in full force and effect and are hereby in all respects ratified and confirmed. Tenant hereby confirms that Landlord is not in default under any provisions of the Lease, that there are no claims, off-sets, counterclaims, or defenses with respect to the Lease and, to the extent any such claims, off-sets, counterclaims, and/or defenses may exist, have existed or shall exist, Tenant hereby agrees to, and does hereby forever waive, and release the same, if any.

(b)    The covenants, agreements, terms and conditions contained in this Modification shall bind and inure to the benefit of the parties hereto and their respective successors, and (except as otherwise provided in the Lease as hereby supplemented) their respective assigns.

(c)    This Modification may not be changed orally but only by an agreement in writing signed by the parties hereto.

(d)    The captions, paragraph headings, titles and sections of this Modification are inserted for convenience only and shall not in any way effect the meaning or construction of any provision of this Modification.

(e)    The Lease (as modified hereby) contains all of the terms agreed upon between the Landlord and Tenant with respect to the subject matter hereof and supersedes any and all prior or contemporaneous written or oral understandings.

(f)    This Modification shall be construed without regard to any presumption or other rule requiring construction against the party causing the Modification to be drafted. Each party hereto has been represented by independent legal counsel prior to the execution and delivery of this Modification.

(g)    Submission by Landlord of this Modification for execution by Tenant shall confer no rights nor impose any obligations on either party unless and until Landlord and Tenant shall have executed this Modification and originals thereof shall have been delivered to the respective parties.

(h)    The parties comprising Tenant shall be jointly and severally liable under the Lease.

(i)    This Modification may be executed in any number of counterparts, each of which shall constitute an original and all of which, when taken together, shall constitute one and the same original. Facsimile and/or electronically transmitted PDF signatures shall be deemed originals for the purposes of this Modification.

(j)    Time shall be of the essence with respect to the performance of Tenant's obligations under the Lease.

(k)    The parties hereto hereby waive trial by jury in any action or proceeding arising out of or in connection with, whether in whole or in part, this Modification, the Lease, the demised premises, the landlord/tenant relationship or otherwise.

THIS PAGE INTENTIONALLY ENDED HERE

**IN WITNESS WHEREOF**, the parties hereto have executed this Modification as of the day and year first above written.

**LANDLORD:**
**220 5TH REALTY LLC,** Landlord

By:

Name: Matthew Lembo

Title: Authorized Signatory

**TENANT:**

**SCORPION FITNESS INC.**

By:

Name: JOHN SHAMS

Title: PRESIDENT

**SCORPION CLUB VENTURES LLC**

By:

Name: JOHN SHAMS

Title: PRESIDENT

**GUARANTOR:**

JOHN SHAMS, as to reaffirmation of Guaranty and agreement to the terms of Paragraph 10

*[Signature Page to Lease Modification Agreement for a part of the ground floor, mezzanine and lower level in the building known as 220 Fifth Avenue, New York, New York]*

## EXHIBIT "A"

### ADDITIONAL RENT ARREARS

March 2017
    Alarm Fees - $200.00
    Sprinkler Fees - $200.00
    Electric Charges billed in March 2017 - $213.52

April 2017
    Alarm Fees - $100.00
    Sprinkler Fees - $100.00

May 2017
    Alarm Fees - $100.00
    Sprinkler Fees - $100.00
    Electric Charges billed in May 2017 - $227.46

June 2017
    Alarm Fees - $100.00
    Sprinkler Fees - $100.00
    Electric Charges billed in June 2017 - $155.03

EXHIBIT "B"

DEFERRED RENT PAYMENT SCHEDULE

| Due Date | Deferred Base Rent Amount to be Paid |
|---|---|
| October 1, 2017 | $3,509.99 |
| November 1, 2017 | $3,509.99 |
| December 1, 2017 | $3,509.99 |
| January 1, 2018 | $3,509.99 |
| February 1, 2018 | $3,509.99 |
| March 1, 2018 | $3,509.99 |
| April 1, 2018 | $3,509.99 |
| May 1, 2018 | $3,509.99 |
| June 1, 2018 | $3,509.99 |
| July 1, 2018 | $3,509.99 |
| August 1, 2018 | $3,509.99 |
| September 1, 2018 | $3,509.99 |
| October 1, 2018 | $3,509.99 |
| November 1, 2018 | $3,509.99 |
| December 1, 2018 | $3,509.99 |
| January 1, 2019 | $3,509.99 |
| February 1, 2019 | $3,509.99 |
| March 1, 2019 | $3,509.99 |
| April 1, 2019 | $3,509.99 |
| May 1, 2019 | $3,509.99 |
| June 1, 2019 | $3,509.99 |
| July 1, 2019 | $3,509.99 |
| August 1, 2019 | $3,509.99 |
| September 1, 2019 | $3,509.99 |
| October 1, 2019 | $3,509.99 |
| November 1, 2019 | $3,509.99 |
| December 1, 2019 | $3,509.99 |
| January 1, 2020 | $3,509.99 |
| February 1, 2020 | $3,509.99 |
| March 1, 2020 | $3,509.99 |

EXHIBIT C

REMAINING LANDLORD'S WORK

4)    Landlord to fire stop demised premises, in areas specifically heretofore specifically identified by Tenant's consultant (as shown on the plan annexed hereto and made a part hereof), with two hour fire separation in compliance with applicable building codes.

9)    Landlord to obtain Landmarks permit to resurface sidewalks surrounding demised premises.  Landlord shall encapsulate Belgian Beer Café's HVAC unit using sound insulation material, with such encapsulation to be done in cooperation with Tenant's Work.

10) Furnish a steam coil for Tenant to install and use with their HVAC system to blow heat during normal business hours.

11) Repair existing metal plates covering the under floor steam pipes and provide and install new diamond plate steel floor plates where necessary.  Provide insulation under the metal plates, where practicable.

12) Landlord to deliver an operable, code compliant, ADA approved elevator (in a condition where it is able to pass inspection) for Tenant's exclusive use between the ground floor and lower level.  Landlord will provide and install new interior panels, flooring and lighting.

13) Landlord to deliver weather tight core and shell.

15)  Landlord to remove rust from beams located in the southeast corner of the basement ceiling specifically heretofore identified by Tenant (as shown on the plan annexed hereto and made a part hereof).

16)  Landlord to install a new door to mezzanine stairs for Tenant's direct access to mezzanine space.

30) In connection with Tenant's AC unit installation, Landlord to make vertical penetrations for condenser lines and air exchange duct(s) subject to approval of Tenant's plans subject only to delays beyond Landlord's reasonable control.

11

**LEAKS**



CONCRETE
LEVELING

## EXHIBIT D

## WORK ALLOWANCE REQUISITION DOCUMENTS

## [SEE ATTACHED]

# WORK ALLOWANCE PAYMENT REQUISTION

Pursuant to provisions as outlined in article 73 of the agreement of lease between Scorpion Club Ventures LLC/Scorpion Fitness Inc. and Dino & Sons Realty Corp and/or any entity or "Successor" by which such lease agreement is subordinate to, please submit payment for the following expenses for "Tenant's Work" in connection to leasehold improvement costs for tenant's demised premises located at 220 5th Avenue New York, NY 10001.

| CONTRACTOR/ VENDOR | Hard / Soft Costs | $ Amount |
|---|---|---|
| Bernheimer Architecture PLLC | Soft Costs | $17,506.00 |
| Jam Consultants Inc. | Soft Costs | $10,849.00 |
| Department of Buildings | Soft Costs | $4,331.00 |
| Mariellas Urrutia | Soft Costs | $1,575.00 |
| AnCor, Inc. | Hard Costs | $32,802.65 |
| WNL Lighting, Inc. | Hard Costs | $24,816.00 |
| Welby, Brady, & Greenblatt, LLP | Soft Costs | $4,117.00 |
| Sirina Protection Systems Corp. | Hard Costs | $8,900.00 |
| Hollman Inc. | Hard Costs | $6,418.00 |
| Porcelanosa | Soft Costs | $17,870.45 |
| TOTAL | | $129,185.10 |

Provided with this application and in connection to this payment requisition are
supporting documentation which include but are not limited to copies of invoices for
work and materials, lien waivers, AIA G702 payment applications, and bills for materials
to be incorporated in the demised premises in connection to performance of Tenant's
Work.

**With respect to improvements on the premises, all contracts let for work done or
material furnished to date or for the furnishing of future work or materials relative to the
contemplated and furnished improvements and services as listed above, this statement
is a full, true and complete statement of all such contracts, previous payments and
balances due, if any.**


**DATE:**            June 28th, 2017

**COMPANY:**         Scorpion Fitness Inc.
                     Scorpion Club Ventures LLC

**OFFICER:**         John Shams

**TITLE:**           President/CEO

**SIGNATURE:**

6/27/17

## CONTRACTOR'S CONDITIONAL PARTIEL WAIVER OF LIEN

KNOW ALL MEN BY THESE PRESENTS, That, WHEREAS, the undersigned of AnCor, INC. (hereinafter referred to as "CONTRACTOR") and SCORPION FITNESS INC., (hereinafter referred to as "OWNER") have heretofore entered into a certain written contract dated 04/25/17 in the entire committed amount of $890,298.11 covering work to be performed and/or materials to be furnished at the premises located at 220 5th Avenue in the City of New York, State of NY; and

WHEREAS, CONTRACTOR will promise to perform work and furnish materials provided for under said contract up to and including the date hereof, and upon supplying lawful waivers of liens, rights of lien, and claims of CONTRACTOR, subcontractor's and materialmen, is entitled to payment from the OWNER the sum of THIRTY TWO THOUSAND EIGHT HUNDRED TWO Dollars and SIXTY FIVE Cents ($32,802.65) under said contact;

The undersigned warrants that either they have already paid or will use the monies they receive from this payment to promptly pay in full all their laborers, subcontractors, materialmen and suppliers for all work, materials, equipment or services for the above referenced project and payment application up to the date of this waiver.

NOW, THEREFORE, in order to induce the OWNER to make payment of said sum, CONTRACTOR hereby represents that all work to be performed and materials furnished under said contract including work and materials, if any, performed or furnished by subcontractor's and materialmen, will be paid for in full; and CONTRACTOR hereby waives any and all liens, rights of lien and claims on or against the premises at the address above given and on any and all structures and buildings located hereon arising under any law of the State wherein said premises are situated and hereby releases and agrees to save harmless OWNER and 220 Fifth Member LLC, 220 5th Realty LLC, 220 Fifth Avenue Holder LLC, Croisic Building LLC, and Dino & Son's Realty Corp. from and against any and all claims for and on account of work that was performed or materials that were furnished by or for CONTRACTOR under said Contract that is included in CONTRACTOR'S Payment Application that is the subject of this Conditional Partial Waiver of Lien upon receipt of the payment of said Application for Payment. CONTRACTOR represents that all sales and use taxes if any applicable to any materials to be furnished by or for the CONTRACTOR upon receipt of above payment.

x SIGNED this 5th day of May , 2017

ATTEST:

SIGNATURE: _A Anthony_

PRINT NAME: _Joseph G. Anthony CEO_

TITLE/COMPANY: AnCor, INC.

STATE OF New York )
                              ) SS
COUNTY OF Onondaga )

On this 5th day of May 201_, before me, the undersigned, a Notary Public in and for said County and State, personally appeared the individual who signed the foregoing waiver, being personally known to me, and the execution of same was the free and voluntary act and deed of the CONTRACTOR named and further certified, that if CONTRACTOR is a corporation, it appeared by the officer who signed on its behalf, and such officer to me acknowledged that the execution was by authority duly granted.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed by official seal the date and the year last above written.

My commission expires:

3/10/2019

_Ellen M Benjamin_

Notary Public in and for _Onondaga County_

ELLEN M. BENJAMIN
Notary Public, State of New York
Qual. In Onondaga Co. No. 01BA5074248
My Commission Expires March 10, 2019

1 of 2

## CONTRACTOR'S CONDITINAL PARTIAL WAIVER OF LIEN

KNOW ALL MEN BY THESE PRESENTS, That, WHEREAS, the undersigned of HOLLMAN INC. (hereinafter referred to as "CONTRACTOR") and SCORPION FITNESS INC., (hereinafter referred to as "OWNER") have heretofore entered into a certain written contract dated 5/1/17 in the entire committed amount of $25,672.00 covering work to be performed and/or materials to be furnished at the premises located at 220 5th Avenue in the City of New York, State of NY; and

WHEREAS, CONTRACTOR will promise to perform work and furnish materials provided for under said contract up to and including the date hereof, and upon supplying lawful waivers of liens, rights of lien, and claims of CONTRACTOR, subcontractor's and materialmen, is entitled to payment from the OWNER the sum of SIX THOUSAND FOUR HUNDRED EIGHTEEN Dollars and ZERO Cents ($6,418.00) under said contract;

NOW, THEREFORE, in order to induce the OWNER to make payment of said sum, CONTRACTOR hereby represents that all work to be performed and materials to be furnished under said contract , including work and materials, if any, to be furnished by subcontractor's and materialmen, will be paid for in full; and CONTRACTOR hereby waives any and all liens, rights of lien and claims on or against the premises at the address above given and on any and all structures and buildings located thereon arising under any law of the State wherein said premises are situated and hereby releases and agrees to save harmless OWNER and 220 Fifth Avenue Member LLC, 220 5th Realty LLC, 220 Fifth Avenue Holder LLC, Croisic Building LLC, and Dino & Sons Realty Corp. from and against any and all claims for and on account of work that shall be performed or materials that shall be furnished by or for CONTRACTOR under said CONTRACTOR or otherwise. CONTRACTOR represents that all sales and use taxes if any applicable to any materials to be furnished by or for the CONTRACTOR upon receipt of above payment

SIGNED this __2nd__ day of __May__, 2017

ATTEST:

SIGNATURE: _Sandra Mallette_

PRINT NAME: _____Sandra Mallette_____

TITLE/COMPANY: HOLLMAN INC.

STATE OF __Texas__          )
                                              ) SS
COUNTY OF __Dallas__      )

On this __2nd__ day of __May__ 2017 before me, the undersigned, a Notary Public in and for said County and State, personally appeared the individual who signed the foregoing waiver, being personally known to me, and the execution of same was the free and voluntary act and deed of the CONTRACTOR named and further certified, that if CONTRACTOR is a corporation, it appeared by the officer who signed on its behalf, and such officer to me acknowledged that the execution was by authority duly granted.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed by official seal the date and the year last above written.

My commission expires:

____3-28-20____                    Notary Public in and for_____Texas_____

JOSIE MORRIS
Notary Public, State of Texas
Comm. Expires 03-28-2020
Notary ID 126462987

### CONTRACTOR'S WAIVER OF LIEN

KNOW ALL MEN BY THESE PRESENTS, That, WHEREAS, the undersigned of BERNHEIMER ARCHITECTURE PLLC. (hereinafter referred to as "CONTRACTOR") and SCORPION FITNESS INC. (hereinafter referred to as "OWNER") have heretofore entered into a certain written contract dated April 27,2017 in the entire committed amount of $[86,000 Original Contract] covering work to be performed and/or materials to be furnished at the premises located at 220 5th Avenue in the City of New York, State of NY; and

WHEREAS, CONTRACTOR has performed work and furnished materials provided for under said contract up to and including the date hereof, and upon supplying lawful waivers of liens, rights of lien, and claims of CONTRACTOR, subcontractor's and materialmen, is entitled to payment from the OWNER the sum of Seventeen Thousand Five Hundred and Six ($17,506) under said contact;

NOW, THEREFORE, in order to induce the OWNER to make payment of said sum, CONTRACTOR hereby represents that all work performed and materials furnished under said contract up to and including the date hereof, including work and materials, if any, performed or furnished by subcontractor's and materialmen, have been paid for in full; and CONTRACTOR hereby waives any and all liens, rights of lien and claims on or against the premises at the address above given and on on any and all structures and buildings located thereon arising under any law of the State wherein said premises are situated and hereby releases and agrees to save harmless OWNER and 220 Fifth Avenue Member LLC, 220 5th Realty LLC, 220 Fifth Avenue Holder LLC, Croisic Building LLC, and Dino & Sons Realty Corp. from and against any and all claims for and on account of work performed or materials furnished by or for CONTRACTOR under said CONTRACTOR or otherwise. CONTRACTOR represents that all sales and use taxes if any applicable to any materials furnished by or for the CONTRACTOR have been paid in full

SIGNED this ___17___ day of __April__ ___. 2017

ATTEST:                                    SIGNATURE: _____

                                          PRINT NAME: Andrew Bernheimer

                                          TITLE/COMPANY: BERNHEIMER ARCHITECTURE PLLC

STATE OF State of NY, County of Kings
                                    ) SS
COUNTY OF _____ )

On this _____ day of APR 2 7 2017 201__, before me, the undersigned, a Notary Public in and for said County and State, personally appeared the individual who signed the foregoing waiver, being personally known to me, and the execution of same was the free and voluntary act and deed of the CONTRACTOR named and further certified, that if CONTRACTOR is a corporation, it appeared by the officer who signed on its behalf, and such officer to me acknowledged that the execution was by authority duly granted.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed by official seal the day and the year last above written.

My commission expires:

_____

_____                          Notary Public in and for _____

                                          ZVI J HOIG
                                          Notary Public, State of New York
                                          No. 01HO6228939
                                          Qualified in Kings County
                                          Commission Expires February 25, 2019

1 of 1



**J A M   C O N S U L T A N T S   I N C .**
104 West 29th Street, 9th Fl., New York, N.Y. 10001
Tel: 212-244-4427  Fax: 212-244-4497

ZONING & CODE ANALYSIS    DEPT. OF TRANSPORTATION    EXPEDITING    FIRE DEPARTMENT

**REQUEST FOR MUNICIPAL FEES**
JOB ADDRESS:  <u>220 Fifth Avenue – Alt 1</u>
PROJECT MANAGER:  Muriel Henriquez
DATE: November 2, 2016

Based on the estimated cost(s) of construction that have been provided to our office, the filing fees are as follows:

| OT-General Construction | |
|---|---|
| **OT-GC Total Filing Fee\*** | $526.00 |
| **OT-GC Records Management Fee** | $165.00 |
| **OT-GC Energy Compliance Fee** | $220.00 |

Please provide **3** separate checks for the above specified amounts made payable to the **New York City Department of Buildings.** Please send these checks directly to my attention, do not forward directly to the city agency listed.

\*Please note that the above fees are subject to change at the Department of Building's discretion if they feel the cost estimates provided are unrealistic.

LPC Permit fee (**$95.00**) will be requested at time of approval for Permit.

## CONTRACTOR'S WAIVER OF LIEN

KNOW ALL MEN BY THESE PRESENTS, That, WHEREAS, the undersigned of MARIELLAS URRUTIA (hereinafter referred to as "CONTRACTOR") and SCORPION FITNESS INC., (hereinafter referred to as "OWNER") have heretofore entered into a certain written contract dated Oct 1, 2016 in the entire committed amount of $[ 1575.00 ] covering work to be performed and/or materials to be furnished at the premises located at 220 5th Avenue in the City of New York, State of NY, and

WHEREAS, CONTRACTOR has performed work and furnished materials provided for under said contract up to and including the date hereof, and upon supplying lawful waivers of liens, rights of lien, and claims of CONTRACTOR, subcontractor's and materialmen, is entitled to payment from the OWNER the sum of ONE THOUSAND, FIVE HUNDRED SEVENTY FIVE Dollars and ZERO Cents ($1,575.00) under said contract;

NOW, THEREFORE, in order to induce the OWNER to make payment of said sum, CONTRACTOR hereby represents that all work performed and materials furnished under said contract up to and including the date hereof, including work and materials, if any, performed or furnished by subcontractor's and materialmen, have been paid for in full; and CONTRACTOR hereby waives any and all liens, rights of lien and claims on or against the premises at the address above given and on any and all structures and buildings located thereon arising under any law of the State wherein said premises are situated and hereby releases and agrees to save harmless OWNER and 220 Fifth Avenue Member LLC, 220 5th Realty LLC, 220 Fifth Avenue Holder LLC, Croisic Building LLC, and Dino & Sons Realty Corp. from and against any and all claims for and on account of work performed or materials furnished by or for CONTRACTOR under said CONTRACTOR or otherwise. CONTRACTOR represents that all sales and use taxes if any applicable to any materials furnished by or for the CONTRACTOR have been paid in full.

SIGNED this __26__ day of _____April_____, 2017

ATTEST:                                    SIGNATURE: _____

                                           PRINT NAME: ___Mariellas Urrutia_____

                                           TITLE/COMPANY: MARIELLAS URRUTIA

STATE OF __N Y__ )
                 ) SS
COUNTY OF __N Y__ )

On this __26th__ day of __April__ 2017 before me, the undersigned, a Notary Public in and for said County and State, personally appeared the individual who signed the foregoing waiver, being personally known to me, and the execution of same was the free and voluntary act and deed of the CONTRACTOR named and further certified, that if CONTRACTOR is a corporation, it appeared by the officer who signed on its behalf, and such officer to me acknowledged that the execution was by authority duly granted.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed by official seal the date and the year last above written.

My commission expires:

__3/29/2018__                              Notary Public in and for _____

**CONTRACTOR'S WAIVER OF LIEN**

KNOW ALL MEN BY THESE PRESENTS, That, WHEREAS, the undersigned of PORCELANOSA (hereinafter referred to as "CONTRACTOR") and SCORPION FITNESS INC., (hereinafter referred to as "OWNER") have heretofore entered into a certain written contract dated 4/27/17 in the entire committed amount of $35,740.90 covering work to be performed and/or materials to be furnished at the premises located at 220 5th Avenue in the City of New York, State of NY; and

WHEREAS, CONTRACTOR has performed work and furnished materials provided for under said contract up to and including the date hereof, and upon supplying lawful waivers of liens, rights of lien, and claims of CONTRACTOR, subcontractor's and materialmen, is entitled to payment from the OWNER the sum of SEVENTEEN THOUSAND EIGHT HUNDRED SEVENTY Dollars and FORTY-FIVE Cents ($17,870.45) under said contact;

NOW, THEREFORE, in order to induce the OWNER to make payment of said sum, CONTRACTOR hereby represents that all work performed and materials furnished under said contract up to and including the date hereof, including work and materials, if any, performed or furnished by subcontractor's and materialmen, once full payment has been received; and CONTRACTOR hereby waives any and all liens, rights of lien and claims on or against the premises at the address above given and on any and all structures and buildings located thereon arising under any law of the State wherein said premises are situated and hereby releases and agrees to save harmless OWNER and 220 Fifth Avenue Member LLC, 220 5th Realty LLC, 220 Fifth Avenue Holder LLC, Croisic Building LLC, and Dino & Sons Realty Corp. from and against any and all claims for and on account of work performed or materials furnished by or for CONTRACTOR under said CONTRACTOR or otherwise.

SIGNED this ⟋⟍ day of ⟋Aoil⟍, 2017

ATTEST:

SIGNATURE: _____

PRINT NAME: _____

TITLE/COMPANY: PORCELANOSA

STATE OF _____ )
              ) SS
COUNTY OF _____ )

On this ⟋⟍ day of ⟋Aon⟍ 201⟍ before me, the undersigned, a Notary Public in and for said County and State, personally appeared the individual who signed the foregoing waiver, being personally known to me, and the execution of same was the free and voluntary act and deed of the CONTRACTOR named and further certified, that if CONTRACTOR is a corporation, it appeared by the officer who signed on its behalf, and such officer to me acknowledged that the execution was by authority duly granted.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed by official seal the date and the year last above written.

My commission expires:

Notary Public in and for _____

> Christine Riggio
> Notary Public
> New Jersey
> My Commission Expires March 7, 2022
> No. 2418158

**Scanned by CamScanner**

## CONTRACTOR'S CONDITIONAL PARTIAL WAIVER OF LIEN

KNOW ALL MEN BY THESE PRESENTS, That, WHEREAS, the undersigned of Sirina Protection Systems Corp. (hereinafter referred to as "CONTRACTOR") and SCORPION FITNESS INC., (hereinafter referred to as "OWNER") have heretofore entered into a certain written contract dated 4/27/17in the entire committed amount of [$17,800 ] covering work to be performed and/or materials to be furnished at the premises located at 220 5th Avenue in the City of New York, State of NY; and

WHEREAS, CONTRACTOR has performed work and furnished materials provided for under said contract up to and including the date hereof, and upon supplying lawful waivers of liens, rights of lien, and claims of CONTRACTOR, subcontractor's and materialmen, is entitled to payment from the OWNER the sum of Eight Thousand Nine Hundred Dollars and Zero Cents($8,900) under said contact;

NOW, THEREFORE, in order to induce the OWNER to make payment of said sum, CONTRACTOR hereby represents that all work performed and materials furnished under said contract up to and including the date hereof, including work and materials, if any, performed or furnished by subcontractor's and materialmen, have been paid for in full; and CONTRACTOR hereby waives any and all liens, rights of lien and claims on or against the premises at the address above given and on any and all structures and buildings located thereon arising under any law of the State wherein said premises are situated and hereby releases and agrees to save harmless OWNER and 220 Fifth Avenue Member LLC, 220 5th Realty LLC, 220 Fifth Avenue Holder LLC, Croisic Building LLC, and Dino & Sons Realty Corp. from and against any and all claims for and on account of work performed or materials furnished by or for CONTRACTOR under said CONTRACTOR or otherwise. CONTRACTOR represents that all sales and use taxes if any applicable to any materials furnished by or for the CONTRACTOR have been paid in full.

SIGNED this 27th day of APRIL , 2017

ATTEST: _____

SIGNATURE: _____

PRINT NAME: TERESCE EMERT

TITLE/COMPANY: Sirina Protection Systems Corp.

STATE OF __NY__ )
                 ) SS
COUNTY OF __NY__ )

On this 27th day of Jun 2017 before me, the undersigned, a Notary Public in and for said County and State, personally appeared the individual who signed the foregoing waiver, being personally known to me, and the execution of same was the free and voluntary act and deed of the CONTRACTOR named and further certified, that if CONTRACTOR is a corporation, it appeared by the officer who signed on its behalf, and such officer to me acknowledged that the execution was by authority duly granted.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed by official seal the date and the year last above written.

My commission expires:

_5/21/19_

Notary Public in and for _Michael Costa — Suffolk County_

MICHAEL A. COSTA
NOTARY PUBLIC, STATE OF NEW YORK
No. 01CO6166397
Qualified in Suffolk County
Commission Expires May 21, 2019

1 of 1

## ATTORNEY'S WAIVER OF LIEN

KNOW ALL MEN BY THESE PRESENTS, That, WHEREAS, the undersigned of WELBY, BRADY & GREENBLATT, LLP. (hereinafter referred to as "ATTORNEY") and SCORPION FITNESS INC., (hereinafter referred to as "CLIENT") have heretofore entered into an attorney client relationship and the sum of $[12,352.60] is currently due for professional services rendered in connection with the project located at 220 5th Avenue in the City of New York, State of NY; and

WHEREAS, ATTORNEY has provided professional services up to and including the date hereof and is entitled to payment from the CLIENT the sum of Twelve Thousand Three Hundred Fifty Two Dollars and Sixty Cents ($12,352,60);

NOW, THEREFORE, in order to induce the CLIENT to make a partial payment of Four Thousand One Hundred Seventeen Dollars ($4,117), ATTORNEY hereby waives any and all liens, rights of lien and claims on or against the premises at the address above given and on any and all structures and buildings located thereon arising under any law of the State wherein said premises are situated and hereby releases and agrees to save harmless 220 Fifth Avenue Member LLC, 220 5th Realty LLC, 220 Fifth Avenue Holder LLC, Croisic Building LLC, and Dino & Sons Realty Corp. from and against any and all claims for and on account of professional services performed by or for ATTORNEY under said ATTORNEY or otherwise. ATTORNEY represents that all sales and use taxes if any applicable to said services by or for the ATTORNEY have been paid in full.

SIGNED this ___27th___ day of ___April___, 2017

ATTEST:

SIGNATURE: _____

PRINT NAME: ___Thomas___   ___Tripodianos___

TITLE/COMPANY: Welby, Brady & Greenblatt, LLP


STATE OF New York          )
                           ) SS
COUNTY OF Westchester      )

On this 27th day of Arpil 2017, before me, the undersigned, a Notary Public in and for said County and State, personally appeared the individual who signed the foregoing waiver, being personally known to me, and the execution of same was the free and voluntary act and deed of the ATTORNEY named and further certified, that if ATTORNEY is a corporation, it appeared by the officer who signed on its behalf, and such officer to me acknowledged that the execution was by authority duly granted.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed by official seal the date and the year last above written.

My commission expires:

_____          Notary Public in and for_____

PAUL G. RYAN
Notary Public, State of New York
No. 02RY6301706
Appointed for Westchester County
Commission Expires April 21, 20_18_

## CONTRACTOR'S WAIVER OF LIEN

KNOW ALL MEN BY THESE PRESENTS, That, WHEREAS, the undersigned of WNL LIGHTING, INC. (hereinafter referred to as "CONTRACTOR") and SCORPION FITNESS INC., (hereinafter referred to as "OWNER") have heretofore entered into a certain written contract dated INSERT DATE in the entire committed amount of $49,633.19 covering work to be performed and/or materials to be furnished at the premises located at 220 5th Avenue in the City of New York, State of NY; and

WHEREAS, CONTRACTOR has performed work and furnished materials provided for under said contract up to and including the date hereof, and upon supplying lawful waivers of liens, rights of lien, and claims of CONTRACTOR, subcontractor's and materialmen, is entitled to payment from the OWNER the sum of TWENTY FOUR THOUSAND EIGHT HUNDRED SIXTEEN DOLLARS and ZERO Cents ($24,816.00) under said contact;

NOW, THEREFORE, in order to induce the OWNER to make payment of said sum, CONTRACTOR hereby represents that all work performed and materials furnished under said contract up to and including the date hereof, including work and materials, if any, performed or furnished by subcontractor's and materialmen, have been paid for in full; and CONTRACTOR hereby waives any and all liens, rights of lien and claims on or against the premises at the address above given and on any and all structures and buildings located thereon arising under any law of the State wherein said premises are situated and hereby releases and agrees to save harmless OWNER and 220 Fifth Avenue Member LLC, 220 5th Realty LLC, 220 Fifth Avenue Holder LLC, Croisic Building LLC, and Dino & Sons Realty Corp. from and against any and all claims for and on account of work performed or materials furnished by or for CONTRACTOR under said CONTRACTOR or otherwise. CONTRACTOR represents that all sales and use taxes if any applicable to any materials furnished by or for the CONTRACTOR have been paid in full.

SIGNED this _1st_ day of _may_, 2017

ATTEST:

SIGNATURE: _Napaul Dabay_

PRINT NAME: _NAPAUL DABYDEEN / PRESIDENT_

TITLE/COMPANY: WNL LIGHTING, INC.

STATE OF _New york_ )
COUNTY OF _New York_ ) SS

On this _1st_ day of _May_ 201_, before me, the undersigned, a Notary Public in and for said County and State, personally appeared the individual who signed the foregoing waiver, being personally known to me, and the execution of same was the free and voluntary act and deed of the CONTRACTOR named and further certified, that if CONTRACTOR is a corporation, it appeared by the officer who signed on its behalf, and such officer to me acknowledged that the execution was by authority duly granted.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed by official seal the date and the year last above written.

My commission expires:

_March 29, 2018_

Notary Public in and for _Dara Cremin_

DARA CREMIN
Notary Public, State of New York
No. 01CR6219750
Qualified in New York County
Commission Expires March 29, 2018

## CONTRACTOR'S WAIVER OF LIEN

KNOW ALL MEN BY THESE PRESENTS, That, WHEREAS, the undersigned of JAM CONSULTANTS INC. (hereinafter referred to as "CONTRACTOR") and SCORPION FITNESS INC., (hereinafter referred to as "OWNER") have heretofore entered into a certain written contract dated June 30,2015 covering work to be performed and/or materials to be furnished at the premises located at 220 5th Avenue in the City of New York, State of NY; and

WHEREAS, CONTRACTOR has performed work and furnished materials provided for under said contract up to and including the date hereof, and upon supplying lawful waivers of liens, rights of lien, and claims of CONTRACTOR, subcontractor's and materialmen, is entitled to payment from the OWNER the sum of TEN THOUSAND EIGHT HUNDRED FORTY-NINE Dollars and ZERO Cents ($10,849.00) under said contact;

NOW, THEREFORE, in order to induce the OWNER to make payment of said sum, CONTRACTOR hereby represents that all work performed and materials furnished under said contract up to and including the date hereof, including work and materials, if any, performed or furnished by subcontractor's and materialmen, have been paid for in full; and CONTRACTOR hereby waives any and all liens, rights of lien and claims on or against the premises at the address above given and on any and all structures and buildings located thereon arising under any law of the State wherein said premises are situated and hereby releases and agrees to save harmless OWNER and 220 Fifth Avenue Member LLC, 220 5th Realty LLC, 220 Fifth Avenue Holder LLC, Croisic Building LLC, and Dino & Sons Realty Corp. from and against any and all claims for and on account of work performed or materials furnished by or for CONTRACTOR under said CONTRACTOR or otherwise. CONTRACTOR represents that all sales and use taxes if any applicable to any materials furnished by or for the CONTRACTOR have been paid in full.
SIGNED this 27th day of April, 2017

ATTEST:                                SIGNATURE: _R. Anderson (C2)_

                                       PRINT NAME: _Robert Anderson_

                                       TITLE/COMPANY: JAM CONSULTANTS INC.


STATE OF _New York_        )
                          ) SS
COUNTY OF _New York_      )

On this 27th day of _April_        201Z, before me, the undersigned, a Notary Public in and for said County and State, personally appeared the individual who signed the foregoing waiver, being personally known to me, and the execution of same was the free and voluntary act and deed of the CONTRACTOR named and further certified, that if CONTRACTOR is a corporation, it appeared by the officer who signed on its behalf, and such officer to me acknowledged that the execution was by authority duly granted.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed by official seal the date and the year last above written.

My commission expires:

_March 30, 2018_                Notary Public in and for _Jo Ann E. Candidus_

JO ANN E. CANDIDUS
**Notary Public, State of New York**
No. 01CA4674453
Qualified in Kings County
Commission Expires March 30, 20_18_