# WHITE & WOLNERMAN, PLLC
## Attorneys at Law

Direct Dial: (212) 308-0603
e-mail: dwolnerman@wwlawgroup.com

August 5, 2019

**VIA ECF AND EMAIL**

The Honorable Michael E. Wiles
United States Bankruptcy Court
Southern District of New York
One Bowling Green

Re: *Scorpion Fitness Inc.*, 19-11231 (MEW)

Dear Judge Wiles:

This firm is proposed counsel for the Debtors in the above-referenced jointly administered Chapter 11 cases. I write to request a conference in connection with the hearings held on July 16, 2019 and this Court's directives that followed to address the Debtors' post-petition lease obligations, if any.

The Debtors have been placed in an untenable position. Here, there is no question that 220 Fifth Avenue Realty LLC, as net landlord of the building located at 220 Fifth Avenue, New York, New York, has failed to complete the work listed on Exhibit C to that certain First Lease Modification Agreement, dated as of June 30, 2017, between 220 Fifth Avenue Realty LLC and Scorpion Fitness Inc. and Scorpion Club Ventures LLC (the "Lease Modification").

Finding that the Bankruptcy Code does not contain any direction on whether rents may be deposited into escrow, the Court denied the Debtors' motion to escrow rent. In doing so, the Court explained: "So what the Bankruptcy Code does say is that you will comply with your post-petition rent obligations. The argument must be that the rent obligation, as a matter of the lease, and as a matter of state law, either is inapplicable or doesn't require actual payment to the landlord at this time and that as a matter of law, payment in escrow or in abatement is appropriate." Accordingly, the Court noted that it would "require the payment of the post-petition rent to the landlord in accordance with the lease . . . ."

In this regard, the Debtors submit that pursuant to Article 9 of the Lease, where (as here) the premises are rendered wholly unusable, the Debtors' rent obligations shall cease until such time as the landlord repairs and restores the premises. In response, landlord's counsel argued that Article 9 doesn't apply to the situation at hand as "there's no evidence, I haven't seen any evidence of, you know, the space being rendered completely unusable." Contrary to landlord's contentions,

# WHITE & WOLNERMAN, PLLC
Attorneys at Law

the premises have indeed been rendered wholly unusable, and proof of same was submitted to landlord. Specifically, the Demised Premises are in the process of being restored as a direct result of a water intrusion incident that occurred on Feb 1, 2019 from outside of the Demised Premises from a floor that the landlord was purportedly working on where approximately one half of the value of Debtors' improvements have been destroyed. The incident exacerbated the already high levels of toxic levels of mold caused by the landlord's failure to maintain the premises in accordance with the Lease. *See* New York State Mold Remediation Plan of Hillman Consulting, annexed hereto as Exhibit A. The premises are unusable until it is fully restored, including remediation of the mold, and restoration of the damaged property. In this regard, the property damage claim is not fully settled. There is also substantial damage done to the elevator which needs to be replaced, *see* Exhibit B, in addition to other substantial property damage. *See* Exhibit C.

In short, the Debtors submit that the rent obligation, as a matter of the Lease, and as a matter of state law, doesn't require actual payment to the landlord at this time and that as a matter of law, payment in abatement is appropriate. That said, the Debtors will be making the post-petition rent payments as directed by the Court. The Debtors, however, reserve all of their rights and remedies, including without limitation to seek a rent abatement in accordance with the Lease.

Respectfully submitted

David Y. Wolnerman

Enc:

cc: Eric Pitter, Esq. (Via ECF and Email)