UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:                                                              Chapter 11

SCORPION FITNESS, INC., et al.                      Case No.: 19-11231 (MEW)
                                                                                19-11232 (MEW)

                            Debtors.                    (Jointly Administered)
------------------------------------------------------------X

# DEBTORS' JOINT PLAN OF REORGANIZATION
# FOR SMALL BUSINESS UNDER CHAPTER 11
# DATED NOVEMBER 20, 2019

## ARTICLE 1: SUMMARY

This Plan of Reorganization (the "Plan") under chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of Scorpion Fitness, Inc. ("Scorpion Fitness") and Scorpion Club Ventures, LLC ("Scorpion Club Ventures"), the above-captioned debtors and debtors-in-possession (the "Debtors") in full, in the ordinary course or over time from current cash on hand and future income.

This Plan provides for three classes of secured claims, two classes of unsecured claims, and one class of equity security holders.

Priority creditors will be paid in full over a period not exceeding 5 years from the order of relief. Secured creditors will be paid in full according to their loan documents with the Debtors. Non-priority unsecured creditors holding allowed claims will receive payment of 100% of the allowed amount of their claims payable monthly over 60 months plus interest at the rate of 2.46%[1].

Administrative claims will be paid in full on the effective date, or according to the terms of the obligation, or pursuant to agreement with the claimant.

All creditors and equity security holders should refer to Articles III through VI of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan.

---

[1] The average weekly 1 year constant treasury maturity rate as of the Petition Date, February 19, 2019. 11 U.S.C. §§ 1129(a)(7) and 726(a)(5); 28 U.S.C. § 1961.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

## ARTICLE 2: CLASSIFICATION OF CLAIMS AND INTERESTS

2.01　Class 1　　Secured claim of New York Business Development Corporation filed in both cases.

2.02　Class 2　　Second secured claim of New York Business Development Corporation filed in Scorpion Fitness case.

2.03　Class 3　　Secured claim of De Lage Landen Financial Services Inc. Filed in Scorpion Fitness Case.

2.04.　Class 4　　Unsecured claim of 220 Fifth Realty LLC, the Debtors' landlord.

2.05　Class 5　　All other non-priority unsecured claims of the Debtors allowed under § 502 of the Code.

2.06　Class 6　　Equity interests of the Debtors.

## ARTICLE 3: TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS, PRIORITY TAX CLAIMS, AND QUARTERLY AND COURT FEES

3.01　Unclassified claims. Under § 1123(a)(1), administrative expense claims and priority tax claims are not in classes.

3.02　Administrative expense claims. Each holder of an administrative expense claim allowed under § 503 of the Code will be paid in full on the effective date of this Plan, in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.

3.03　Priority tax claims. Each holder of a priority tax claim will be paid in full, with interest, over a period of no later than 60 months after the petition date.

| Name and type of tax | Filed Amount of Claim | Treatment |
|---|---|---|
| New York State Department of Taxation & Finance, filed in Scorpion Fitness | $1,082.03 | Paid in full in regular installments paid over a period not exceeding 5 years from the order of relief. |

2

| | | |
|---|---|---|
| NYC Department of Finance, filed in Scorpion Club Ventures | $148,461.37 | Paid in full in regular installments paid over a period not exceeding 5 years from the order of relief. |

       3.04    <u>United States Trustee Fees</u>.  Statutory fees, and any applicable interest thereon, are all fees payable pursuant to chapter 123 of title 28, United States Code, including, but not limited to, all fees required to be paid by 28 U.S.C. § 1930(a)(6) and interest, if any, required to be paid by 31 U.S.C. § 3717 (collectively, "U.S. Trustee Fees"). U.S. Trustee Fees will accrue and be timely paid until the Case is closed, dismissed, or converted to another chapter of the Bankruptcy Code. Any U.S. Trustee Fees owed on or before the Effective Date of this Plan will be paid in full on the Effective Date of the Plan. The Debtors shall remain responsible for any and all U.S. Trustee fees that become due and shall pay same on a timely basis.

## ARTICLE 4: TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

       4.01    Claims and interests shall be treated as follows under this Plan:

| **Class** | **Impairment** | **Treatment** |
|---|---|---|
| Class 1 – Secured Claim of New York Business Development Corporation ("NYBDC"), filed in both cases. | Unimpaired | The Debtors will continue to make the regular monthly installment payment until the claim is paid in full. The monthly payment is $6,883.45. The loan documents annexed as an exhibit to the proof of claim shall remain in full force and effect except as modified as set forth in the Plan. The terms and conditions of the Agreement are incorporated in the Plan by this reference as if fully set forth herein and therein. NYBDC shall not waive, release, or discharge any indebtedness, liability or obligation owed to NYBDC by the Debtors, nor any right or remedy available to NYBDC as against the Debtors, as set forth in the Agreement during the duration of the Plan. All such indebtedness, liability, or obligation owed to NYBDC, together with all such rights and remedies available to NYBDC, are expressly reserved and preserved as against Debtors and any and all third parties, including but not limited to any guarantors. |

| | | |
|---|---|---|
| Class 2 - Secured Claim of New York Business Development Corporation, filed in Scorpion Fitness | Unimpaired | The Debtors will continue to make the regular monthly installment payment until the claim is paid in full. The monthly payments is $1,438.49. The loan documents annexed as an exhibit to the proof of claim shall remain in full force and effect except as modified as set forth in the Plan. The terms and conditions of the Agreement are incorporated in the Plan by this reference as if fully set forth herein and therein. NYBDC shall not waive, release, or discharge any indebtedness, liability or obligation owed to NYBDC by the Debtors, nor any right or remedy available to NYBDC as against the Debtors, as set forth in the Agreement during the duration of the Plan. All such indebtedness, liability, or obligation owed to NYBDC, together with all such rights and remedies available to NYBDC, are expressly reserved and preserved as against Debtors and any and all third parties, including but not limited to any guarantors. |
| Class 3 – Secured Claim of De Lage Landen Financial Services Inc. ("DLL") | Unimpaired | The Debtors will continue to make the regular monthly installment payment until the claim is paid in full. The monthly payments are $1,470.28, $1,570.12, and $840.67. The loan documents annexed as an exhibit to the proof of claim shall remain in full force and effect except as modified as set forth in the Plan. The terms and conditions of the Agreement are incorporated in the Plan by this reference as if fully set forth herein and therein. DLL shall not waive, release, or discharge any indebtedness, liability or obligation owed to DLL by the Debtors, nor any right or remedy available to DLL as against the Debtors, as set forth in the Agreement during the duration of the Plan. All such indebtedness, liability, or obligation owed to DLL, together with all such rights and remedies available to DLL, are expressly reserved and preserved as against Debtors and any and all third parties, including but not limited to any guarantors. |

| Class 4 - General unsecured claim of 220 Fifth Realty LLC, claim No. 7 in Scorpion Fitness case | Impaired | Claim is disputed. If allowed, claim will be paid subject to the court's determination. |
|---|---|---|
| Class 5 - All other general unsecured claims filed in both cases | Impaired | Paid in full over X months plus interest at the rate of 2.46%[2]. The claims in this class total $65,438.65. |
| Class 6 – Equity interest holders | Unimpaired | Retain their interests |

## ARTICLE 5: ALLOWANCE AND DISALLOWANCE OF CLAIMS

    5.01   Disputed Claim.  A *disputed claim* is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either:

(i)    a proof of claim has been filed or deemed filed, and the Debtors or another party in interest has filed an objection; or

(ii)   (ii) no proof of claim has been filed, and the Debtors have scheduled such claim as disputed, contingent, or unliquidated.

    5.02   Delay of Distribution on a Disputed Claim.  No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order.

    5.03   Settlement of Disputed Claims.  The Debtors will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.  All claims objections will be filed no later than 90 days after entry of the confirmation order, unless extended pursuant to order of the Court.

## ARTICLE 6: PROVISIONS FOR EXECUTORY CONTRACTS

    6.01   Assumed Executory Contracts and Unexpired Leases.

Any executory contract or unexpired lease of the Debtors which has not been assumed or rejected by Final Order of the Bankruptcy Court, or which is not the subject of a

---

[2] The average weekly 1 year constant treasury maturity rate as of the Petition Date, February 19, 2019.  11 U.S.C. §§ 1129(a)(7) and 726(a)(5); 28 U.S.C. § 1961.

pending motion to assume or reject on the Confirmation Date, shall be deemed assumed by the Debtors on the Effective Date. By this provision, the Debtors are assuming its lease for the gym premises located at 220 Fifth Avenue, New York, NY 10002 with its landlord 220 5TH REALTY LLC. The purported rent arrear, if any, are treated in class 4 in section 4.01 above.

## ARTICLE 7: MEANS FOR IMPLEMENTATION OF THE PLAN

Payments and distributions under the Plan will be funded from cash on hand and future operations of the Debtors. The Debtors shall be the distribution agent (the "Distribution Agent") under the plan.

Post-petition the Debtors will be managed by John Shams.

## ARTICLE 8: GENERAL PROVISIONS

8.01  Definitions and Rules of Construction.  The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan.

8.02  Effective Date of Plan. The Plan shall be effective and binding on the Effective Date. The Effective Date shall be the date of initial distributions under the Plan which shall occur no later than 14 days after entry of the Confirmation Order. It will be a condition to the Effective Date that each of the following provisions, terms, and conditions will have been satisfied pursuant to the provisions of the Plan:

(1) The Confirmation Order shall have been entered by the Court and shall not be subject to any stay or subject to an unresolved request for revocation under Section 1144 of the Bankruptcy Code.

(2) The Debtors shall have paid initial distributions required by the Plan.

8.03  Severability.  If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

8.04  Binding Effect.  The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

8.05  Captions.  The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

8.06    Controlling Effect.  Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of New York govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

8.07    Corporate Governance.  The charter of the reorganized Debtor shall be amended to prohibit the issuance of nonvoting securities.

8.08    Retention of Jurisdiction.  Notwithstanding Confirmation, the Court shall retain jurisdiction for the following purposes:

(1) Determination of the allowability of Claims upon objections filed to such Claims, and any pending litigation by the Debtors or by creditors or third parties;

(2) Determination of requests for payment of Claims and fees entitled to priority under § 507;

(3) Resolution of any disputes concerning the interpretation of the Plan;

(4) Implementation of the provisions of the Plan;

(5) Entry of Orders in aid of Consummation of the Plan;

(6) Modification of the Plan pursuant to § 1127 of the Code;

(7) Adjudication of any causes of action including voiding powers actions commenced by the Debtor-in-Possession; and

(8) Entry of a Final Decree and closing the case

## ARTICLE 9: DISCHARGE

9.01.    Discharge of the Debtors.  On the confirmation date of this Plan, the debtors will be discharged from any debt that arose before confirmation of this Plan, subject to the occurrence of the effective date, to the extent specified in § 1141(d)(1)(A) of the Code, except that the Debtors will not be discharged of any debt: (i) imposed by this Plan; (ii) of a kind specified in § 1141(d)(6)(A) if a timely complaint was filed in accordance with Rule 4007(c) of the Federal Rules of Bankruptcy Procedure; or (iii) of a kind specified in § 1141(d)(6)(B).  Any outstanding claims for US Trustee quarterly fees and any applicable interest thereon are not discharged by the Plan.

## ARTICLE 10: OTHER PROVISIONS

10.01 <u>Unclaimed Property.</u> Escrow of Unclaimed Property. The Post Confirmation Debtor shall hold all Unclaimed Property (and all interest, dividends, and other distributions thereon), for the benefit of the respective holders of Claims entitled thereto under the terms of the Plan.

Distribution of Unclaimed Property. At the end of one (1) year following the relevant Distribution Date of particular Cash or other property to be distributed under the Plan, the holders of Allowed Claims entitled to Unclaimed Property held pursuant to this Section shall be deemed to have forfeited such property, and all right, title and interest in and to such property shall be retained by the Debtors.

10.02 <u>Modification of the Plan</u>. The Plan Proponents may modify the Plan at any time before confirmation of the Plan. However, the Court may require a new disclosure statement and/or re-voting on the Plan.

The Plan Proponents may also seek to modify the Plan at any time after confirmation only if:
   (1)   The Plan has not been substantially consummated and
   (2)   The Court authorizes the proposed modifications after notice and a hearing.

10.03 <u>Final Decree.</u> Pursuant to SDNY LBR 3021-1 and 3022-1, the Debtors shall file proposed order that contains a timetable with the steps proposed for achieving substantial consummation of the plan and entry of a final decree within fourteen days after entry of the confirmation order. The Debtors expect that a final decree will be entered in this case within 14 days following the full administration of the Debtors' estate. Upon request, the Court may reduce or extend the time to file such application.

10.04 <u>Quarterly Reports</u>. Until the Chapter 11 Case is closed, converted or dismissed, whichever is earlier, the Reorganized Debtor shall file quarterly reports setting forth the status of Distributions to holders of Allowed Class 1 and 2 Claims. The quarterly reports shall be filed on or before the 15th day of July, October, January and April. In addition, the Disbursing Agent shall maintain an accurate register of the General Unsecured Claims.

10.05 <u>Re-vesting of Assets and Continuing Existence</u>. As of the Effective Date, pursuant to provisions of Bankruptcy Code sections 1141(b) and (c), all property and assets of the Debtors shall be transferred to and shall vest in the Post-Confirmation Debtors free and clear of all Liens, Claims and Interests, except as otherwise expressly provided in this Plan and the Confirmation Order.

Unless otherwise agreed to by the claimant, immediately after the earlier of a Final Order of the Bankruptcy Court or the occurrence of the Effective Date, the Debtors or the Post-

Confirmation Debtors shall pay all Allowed Administrative Expense Claims, including Fee Claims.

From and after the Effective Date, the Post-Confirmation Debtors will continue in existence and shall be vested with all of the Debtors' assets.

Dated: New York, New York
November 20, 2019

SCORPION FITNESS, INC.

By: John Shams

SCORPION CLUB VENTURES LLC

By: John Shams

/s/ Brian J. Hufnagel
Morrison Tenenbaum PLLC
By: Brian J. Hufnagel, Esq.