MORRISON TENENBAUM PLLC
*Counsel to the Debtors*
87 Walker Street, Floor 2
New York, New York 10013
Phone: 212-620-0938
Lawrence F. Morrison, Esq.
Brian J. Hufnagel, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

In re:                                                       Chapter 11

SCORPION FITNESS, INC., et al.,                              Case No. 19-11231 (MEW)
                                                                      19-11232 (MEW)

                              Debtors.                       (Jointly Administered)
------------------------------------------------------------X

## APPLICATION FOR AUTHORITY TO RETAIN MARCUM LLP
## AS ACCOUNTANT TO DEBTORS AND DEBTORS IN POSSESSION,
## <u>EFFECTIVE AS OF JANUARY 6, 2020</u>

TO:    THE HONORABLE MICHAEL E. WILES
       UNITED STATES BANKRUPTCY JUDGE

       Scorpion Fitness, Inc. and Scorpion Club Ventures, LLC, the above-captioned debtors and

debtors-in-possession (the "Debtors"), by their counsel, Morrison Tenenbaum PLLC, hereby

submits this application (the "Application"), in support of an Order, pursuant to §327 of title 11 of

the United States Code (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rule(s)"), granting the Debtors authority to retain Marcum LLP

("Marcum") as their accountant, *effective as of* January 6, 2020, and respectfully represent as

follows:

### <u>JURISDICTION AND VENUE</u>

       1.      This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§157 and

1334.  Consideration of the Application is a core proceeding pursuant to 28 U.S.C. §157(b).  The

statutory predicates for the relief sought herein are §327(a) of the Bankruptcy Code and Bankruptcy Rule 2014.  Venue is proper before this Court pursuant to 28 U.S.C. §1409.

## BACKGROUND

2.      On April 22, 209 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code, and thereafter, continue to operate their business and manage their property as debtors-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.  No receiver, examiner or creditor's committee had been appointed.

3.      The Debtors owns a gym located at 220 Fifth Avenue, New York, NY.

4.      The Debtors' bankruptcy filing was precipitated by a dispute between the Debtors and their landlord, and a flood that caused damage to the Debtors' premises.

5.      Through the bankruptcy, the Debtors intend to reorganize their business and make a payment to creditors through a plan of reorganization.

6.      The Debtors believes that Marcum is qualified to provide accounting services in this case in a cost-effective, efficient and timely manner.  Subject to the control and further order of this Court, the professional services that Marcum will render to the Debtors includes, but shall not be limited to, the following:

   a.   advising the Debtors with respect to their financial affairs during the pendency of the Chapter 11;

   b.   cash flow monitoring and reporting;

   c.   preparation of monthly operating reports;

   d.   assistance with the development of various aspects of the plan of reorganization and disclosure statement;

   e.   acting as a liaison with creditor groups;

   f.   performing all other accounting services for the Debtors that may be necessary and proper for an effective reorganization.

2

7.      After due deliberation, the Debtors have determined that their interests and the interests of their creditors would best be served by the retention of Marcum as accountant to the Debtors to render such professional accounting services as may be necessary and appropriate in connection with these Chapter 11 cases.  The Debtors submit that Marcum possesses extensive knowledge and expertise in the areas of finance and accounting relevant to their bankruptcy cases, and that Marcum is well qualified to represent the Debtors in these proceedings.

8.      The Debtors seek to retain Marcum effective as of January 6, 2020 because the firm began rendering services at that time.

9.      As specifically set forth in the annexed affirmation of Nitasha J. Giardina (the "Giardina Affidavit"), Marcum is not connected with the Debtors, their creditors, other parties-in-interest or the Office of the United States Trustee.

10.     Further, and as set forth in the Giardina Affidavit, Marcum does not, by way of any direct or indirect relationship to, connection with or interest in the Debtors, hold or represent an interest adverse to the estate and is a disinterest person. Accordingly, the Debtors believe that Marcum is a "disinterested party" within the meaning of §§101(14) and 327 of the Bankruptcy Code.

11.     Because the full extent and nature of the accounting services to be rendered are unknown at this time, the Debtors believe that the employment of Marcum is appropriate and in the best interests of the Debtors, their estate, creditors and equity holders.  Marcum has indicated its willingness and desire to serve as accountant to the Debtors, as set forth above, and to render the financial services necessary as accountants for the Debtors.

12.     Marcum has agreed to make appropriate applications to this Court for compensation and reimbursement of expenses as required by the Bankruptcy Code, the Bankruptcy Rules, the

Local Rules of the United States Bankruptcy Court for the Southern District of New York (the "Local Rules") and the Guidelines for Fees and Disbursements for Professionals propounded by the Office of the United States Trustee.  Marcum is willing to be retained by the Debtors as their accountant and will bill at the hourly rates of $580 per hour for Gary B. Rosen, $460 per hour for Nitasha J. Giardina, $215 per hour for Lia N. Tonietti, and $110 per hour for Alexander J. Ware. This rate may be subject to adjustment from time to time.  Marcum will also be entitled to seek reimbursement for all out-of-pocket disbursements.

## **CONCLUSION**

13.     Based upon the foregoing, the Debtors respectfully request that the Application be granted in its entirety and that the Debtors be granted such other and further relief as this Court may deem just and proper.  A proposed Order authorizing the retention of Marcum as requested herein is annexed hereto as **Exhibit "A"**.

**WHEREFORE**, the Debtors respectfully request that an Order be entered authorizing them to retain Marcum as their professional accountant in these proceedings, effective as of January 6, 2020, and granting such other and further relief as the Court deems just and proper.

Dated:  New York, New York
          January 7, 2020

Respectfully Submitted,

MORRISON TENENBAUM PLLC

*/s/ Brian J. Hufnagel*
By: Brian J. Hufnagel
Lawrence F. Morrison
*Counsel for the Debtor and*
*Debtor in Possession*
87 Walker Street, Floor 2
New York, New York 10013
(212) 620-0938
lmorrison@m-t-law.com
bjhufnagel@m-t-law.com

4