T. Bryce Jones, Esq.
Jones Law Firm, P.C.
42 W 38th Street
Suite 1002
New York, NY 10018
(212) 258-0685
bryce@joneslawnyc.com

January 28, 2020
Judge Michael E. Wiles
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004-1408

**VIA ECF**

    Re:    *19-11231 and 19-11232 Scorpion Fitness, Inc et al.*
            <u>Request for Conference</u>

Pursuant to the Judge Wiles' Individual Rules, John Shams, shareholder in and CEO of the Debtor-in-Possession in this matter, hereby makes a request for a telephonic conference with the Court in order to address the following issues:

1) The failure of the U.S. Trustee in presenting a candidate to the Court (Dkt. 158) to consult with Mr. Shams prior to selection and presentation of the nominee to the Court;

2) Mr. Shams' substantive objections to the selection of this particular trustee candidate;

3) Whether this Court's order of January 24, 2020 appointing a trustee was made *sua sponte* or the result of an oral motion, and if such an oral motion and/or argument did occur whether it occurred *ex parte* without Mr. Shams or an attorney for him present and without proper notice to Mr. Shams or opportunity for him to object;

4) Any conflict of interest of counsel for the debtor at the time of the presumed *ex parte* oral motion which lead to the debtor's counsel's non-

objection despite the clear desire of John Shams as management and shareholder to retain control which should have disqualified counsel from participating in argument on such a motion;

5) Whether, if it is established that an improper *ex parte* argument on an oral motion for a trustee was inadvertently had without proper notice and opportunity to object given to Mr. Shams, it is appropriate for all parties' attorneys to consent to vacate that order (or the Court will vacate it *sua sponte*) as a matter of compliance with our professional ethics obligations regarding *ex parte* communications, or whether written motion practice, including a request for a temporary stay, will be necessary to preserve Mr. Shams' procedural objections.

The main purpose of the requested conference would be to attempt to clarify the parties' respective positions on the above issues, particularly in regards to whether the January 24th order was based in whole or part on an inadvertent, improper *ex parte* oral motion, in order to avoid unnecessary motion practice. Although at this stage it would be premature to delve into the substance of Mr. Shams' objections to the appointment of a trustee, part of the solution may be the appointment of reputable and experienced substitute bankruptcy counsel for the debtor, paid for by Mr. Shams, who can give the Court and creditor proper assurances of the Debtor-in-Possession's future compliance with its fiduciary obligations. I have already begun working with Mr. Shams on identifying such prospective substitute counsel.

For conference scheduling purposes, I note that I have just been retained by Mr. Shams and have ordered the transcript of last week's hearing rush to be delivered by tomorrow, January 29th, 2020. I also note that the US Trustee has application for an examiner (Dkt. 159) pending before the Court. I suggest the conference take place no earlier than the afternoon of Thursday, January 30th, 2020, and respectfully request the Court refrain from confirming the appointment of the nominated trustee in the interim.

Dated: January 28, 2020

Respectfully submitted,

/s/ T. Bryce Jones, Esq.
T. Bryce Jones
Jones Law Firm, P.C.
42 W 38th Street Suite 1002
New York, NY 10123
(212) 258-0685
bryce@joneslawnyc.com
*Attorneys for John Shams*